Consolidated Appeal Nos. 23-6125, 23-6126, 23-6167, 23-6168, and 24-6066

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

**SDM Holdings, LLC, an Oklahoma limited liability company**
**Respondent/Garnishee/Appellant, and**
**Avon Capital, LLC, a Wyoming limited liability company**
**Intervenor/Appellant**

**v.**

**Universitas Education LLC,**
**Petitioner/Judgment Creditor/Appellee**

**On appeal from the United States District Court for**
**the Western District of Oklahoma**
**Civil Case No. 5:14-fj-00005-HE**
**Judge Joe L. Heaton, United States District Judge**

## SUPPLEMENTAL APPELLATE BRIEF OF AVON CAPITAL, LLC, A WYOMING LIMITED LIABILITY COMPANY

Alan L. Rupe
Francis M. Schneider
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Telephone: (316) 609-7900
Facsimile: (316) 462-5746
alan.rupe@lewisbrisbois.com
francis.schneider@lewisbrisbois.com
ATTORNEYS FOR APPELLANT AVON

**ORAL ARGUMENT REQUESTED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

---

**SDM Holdings, LLC, an Oklahoma limited liability company
Respondent/Garnishee/Appellant, and
Avon Capital, LLC, a Wyoming limited liability company
Intervenor/Appellant**

**v.**

**Universitas Education LLC,
Petitioner/Judgment Creditor/Appellee**

---

## CERTIFICATE OF INTERESTED PERSONS

Undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Tenth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made for the judges of this Court to evaluate possible disqualification or recusal.

Gerald P. Green
Pierce Couch Henrickson
Baysinger & Green, LLP
P.O. Box 26350
Oklahoma City, Oklahoma 73126
jgreen@piercecouch.com

*Counsel for Appellant Avon Capital, LLC, a Wyoming limited liability
company*

Lysbeth George, Esq.
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson, Suite 100
Oklahoma City, Oklahoma 73102
lysbeth.george@crowedunlevy.com

*Former counsel for Appellee Universitas Education, LLC*

Paula Colbath, Esq.
Loeb & Loeb, LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com

*Former counsel for Appellee Universitas Education, LLC*

Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314
jmanson@jmansonlaw.com

*Counsel for Appellee Universitas Education, LLC*

Joseph H. Bocock
Bocock Law PLLC
119 N. Robinson, Suite 320
Oklahoma City, OK 73102
Email: joe@bococklaw.com

*Former counsel for SDM Holdings, LLC*

Jeffrey R. Sandberg
PALMER LEHMNAN SANDBERG, PLLC
8350 N. Central Expressway, Suite 1111
Dallas, Texas 75206
jsandberg@pamlaw.com

and

John D. Stiner
STINER LAW FIRM, PLLC
119 N. Robinson, Suite 320
Oklahoma City, OK 73102
Email: john@stinerlaw.com

*Counsel for Appellant SDM Holdings, LLC, an Oklahoma limited liability company*

Asset Servicing Group LLC
c/o Clayton D Ketter, Esq.
Phillips Murrah PC-101-OKC
101 N Robinson Ave., 13th Fl
Oklahoma City, OK 73102
Email: cdketter@phillipsmurrah.com

and

Melvin R McVay, Jr
Phillips Murrah PC-101-OKC
101 N Robinson Ave
13th Fl
Oklahoma City, OK 73102
Email: mrmcvay@phillipsmurrah.com

*Counsel for Asset Servicing Group, LLC*

/s/ Alan L. Rupe
Alan L. Rupe

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................................i

TABLE OF CONTENTS .......................................................iv

TABLE OF AUTHORITIES ....................................................vi

RELATED APPEALS ...........................................................1

CITATION TO THE RECORD ....................................................2

GLOSSARY ......................................................................2

JURISDICTIONAL STATEMENT ..................................................3

STATEMENT OF ISSUES .......................................................10

STATEMENT OF THE CASE ....................................................11

SUMMARY OF THE ARGUMENT ................................................15

ARGUMENT AND AUTHORITIES ...............................................18

ISSUE ONE: THE DISTRICT COURT ERRED IN MODIFYING THE INJUNCTION WHEN THE MANDATE HAD NOT BEEN ENTERED AND THE DISTRICT COURT LACKED JURISDICTION ................18

    A.    Standard of Review .......................................................18
    B.    The District Court Erred by Modifying the Injunction Because It Lacked Jurisdiction Prior to Issuance of the Mandate ...................18

ISSUE TWO: WHETHER THE DISTRICT COURT FAILED TO FOLLOW THE LAW OF THE CASE AND HOLDING OF THIS COURT THAT THE CASE WAS MOOT AND THERE WAS NO LONGER A LIVE CASE OR CONTROVERSY..................................................21

    A.    Standard of Review .......................................................21
    B.    This Court's Order is Binding on the District Court Under Law of the Case. ........................................................21

ISSUE THREE: THE DISTRICT COURT ERRED IN MODIFYING THE INJUNCTION BECAUSE IT LACKED SUBJECT MATTER JURISDICTION ONCE THE CASE AND CLAIMS BECAME MOOT .. .......................................................................................................25

    A.    Standard of Review ....................................................................25
    B.    The District Court Erred by Modifying the Injunction Because It Lacked Subject Matter Jurisdiction Once the Case and Claims Became Moot..................................................................................25

ISSUE FOUR: THE DISTRICT COURT ERRED IN MODIFYING THE INJUNCTION BECAUSE IT LACKED PERSONAL JURISDICTION ONCE THE CASE AND CLAIMS BECAME MOOT...........................28

    A.    Standard of Review ....................................................................28
    B.    The District Court Erred by Modifying The Injunction Because It Lacked Personal Jurisdiction Once the Case and Claims Became Moot...........................................................................................28

ISSUE FIVE: THE DISTRICT COURT ERRED IN MODIFYING THE INJUNCTION BECAUSE OKLAHOMA LAW DOES NOT AUTHORIZE REFILING OF A FOREIGN JUDGMENT IN AN EXPIRED CASE THAT WAS HELD MOOT BY THIS COURT........ 30

    A.    Standard of Review ....................................................................30
    B.    The District Court Erred by Readopting and Modifying its Injunction Because Oklahoma Law Does Not Authorize the Refiling of a Foreign Judgment in an Expired Case..............................................31

CONCLUSION AND RELIEF SOUGHT    ...............................................36

STATEMENT REGARDING ORAL ARGUMENT    ....................................38

CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(A)................................................................................39

ATTACHMENTS:

| No. | Docket # | Date | Description |
|---|---|---|---|
| 14 | 618 | March 29, 2024 | District Court's order granting Appellee's Emergency Motion to Modify Injunction |

# TABLE OF AUTHORITIES

## STATUTES

12 O.S. § 2001 (1985)...........................................................33

12 O.S. § 721 (2004)...........................................................33

12 O.S. § 735 (1985)...............................................31, 33, 35

## FEDERAL RULES

Fed. R. App. P. 4(a)(1)(A) ......................................................3

Fed. R. Civ. P. 12(b)(1)...............................................25, 29, 37

Fed. R. Civ. P. 12(b)(2)...............................................28, 29, 37

Fed. R. Civ. P. 69(a) ..........................................................30

Tenth Circuit Rule 32..........................................................39

## CASES

*Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013)....................18, 23, 27, 29

*Arizona v. California*, 460 U.S. 605 (1983)...........................................21

*Burton v. Johnson*, 975 F.2d 690 (10th Cir. 1992) ...............................19

*Blackburn v. United States*, No. 20-8005, 2021 U.S. App. LEXIS 21268, at *1 (10th Cir. July 19, 2021) ................................................18, 25

*Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081 (10th Cir. 2017) ...............................................................21, 22

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988) .....................22

*Dish Network Corp. v. Arrowood Indem., Co.*, 772 F.3d 856 (10th Cir. 2014)......19

*Dobbs v. Anthem*, 600 F.3d 1275 (10th Cir. 2010).................................21

*Duncan v. Oklahoma Dept. of Corr.*, 95 P.3d 1076 (Okla. Civ. App. 2005) ...............................................................................30

*Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153 (10th Cir. 2010) ...............................................................................28

*Fulsom v. Fulsom*, 81 P.3d 652 (Okla. 2003)......................................30

*Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66 (2013) .................18, 25, 26, 29

*Guidry v. Sheet Metal Workers Int'l Ass'n*, 10 F.3d 700 (10th Cir. 1993), cert. denied, 1995 U.S. LEXIS 2629 (U.S. Apr. 17, 1995). .............................................22

*Haynes Trane Serv. Agency v. Am. Std., Inc.*, 573 F.3d 947 (10th Cir. 2009) ........21

*Huffman v. Saul Holdings Ltd.*, 262 F.3d 1128 (10th Cir. 2001) ...........................22

*Hutchinson v. Beckworth*, 474 Fed. Appx. 736 (10th Cir. 2012) ...........................19

*Khan v. Bank of N.Y. Mellon*, 525 F. App'x 778 (10th Cir. 2013).....................18, 25

*Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990) ....................................25, 26

*Navajo Nation v. Dalley*, 896 F.3d 1196 (10th Cir. 2018) ......................................30

*N.M. Health Connections v. United States HHS*, 946 F.3d 1138 (10th Cir. 2022)
..................................................................................................................................25

*OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086 (10th Cir. 1998). .................28

*Pepper v. United States*, 562 U.S. 476 (2011) .........................................................21

*Ramco Operating Co. v. Gassett*, 890 P.2d 941 (Okla. 1995)..................................30

*Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181 (10th Cir. 1995). .................................21

*Southlake Equip. Co. v. Henson Gravel & Sand, LLC*, 313 P.3d 289 (Okla. Civ. App. 1995)...............................................................................................................30

*Taracorp, Ltd. v. Dailey*, 419 P.3d 217 (Okla. 2018)..........................6, 7, 31, 32, 34

*United States v. Graham*, 704 F.3d 1275 (10th Cir. 2013) ......................................21

*United States v. Triangle Oil*, 277 F.3d 1251 (10th Cir. 2002) ..............................22

*United States v. Williams*, 790 F.3d 1059 (10th Cir. 2015).....................................19

*Ute Indian Tribe v. State of Utah*, 114 F.3d 1513 (10th Cir. 1997) ........................18

*Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *1 (10th Cir. Aug. 4, 2023) .................................................................................................................1, 5, 29

*Yorkshire West Capital, Inc. v. Rodman*, 149 P.3d 1088 (Okla. Civ. App. 2006)
............................................................................................................16, 32, 33, 35, 36

<u>**RELATED APPEALS**</u>

Appeal No. 24-6066 relates to Appeal Nos. 23-6125, 23-6126, 23-6167, and 23-6168. Appeal Nos. 23-6126 and 23-6128 were filed by Appellant Avon Capital, LLC, a Wyoming limited liability company's (hereinafter referred to as "Avon Capital-WY"), which were consolidated with Appeal Nos. 23-6125 and 23-6167 filed by Appellant SDM Holdings, LLC, an Oklahoma limited liability company (hereinafter referred to as "SDM Holdings"). Appeal No. 24-6066 filed by Appellant Avon Capital-WY was consolidated with the forgoing consolidated Appeal Nos. 23-6125, 23-6126, 23-6167, and 23-6168. Throughout this supplemental brief, Appellant shall refer to consolidated Appeal Nos. 23-6125, 23-6126, 23-6167, 23-6168, and 24-6066 as "Consolidated Appeal". This Consolidated Appeal is related to Appeal Nos. 24-6006 and 24-6033 filed by Appellant.

This Consolidated Appeal is also related to the following unpublished opinion issued by this Court: *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *1 (10th Cir. Aug. 4, 2023) in which this Court held that there was no longer a case or controversy in the District Court because the claims were moot and the District Court no longer possessed Article III jurisdiction. Throughout this supplemental brief, Appellant will refer to Appeal Nos. 21-6044, 21-6049, 21-6133, 21-6134 as the "First Consolidated Appeal".

## CITATION TO THE RECORD

Filed simultaneously with Appellant's supplemental brief is the Supplemental Appendix, which has been prepared according to 10th Cir. R. 30. The Supplemental Appendix consists of three volumes. Appellant will refer to the Supplemental Appendix as "Supp. App. Vol. [1, 2, 3, etc.]."

## GLOSSARY

"Avon Capital-CT" refers to the entity named "Avon Capital, LLC," which is a limited liability company registered under the laws of Connecticut and is the only "Avon Capital" entity that is a judgment debtor in the New York Judgment.

"Avon Capital-NV" refers to the entity named "Avon Capital, LLC," which is a limited liability company registered under the laws of Nevada.

"Avon Capital-WY" refers to the entity named "Avon Capital, LLC," which is a limited liability company registered under the laws of Wyoming which was Intervenor in the case until this Court found the District Court lacked jurisdiction necessary to enter judgment against it under the District Court's February 11, 2021 order because the New York Judgment registered with the District Court expired on December 3, 2020, at which time Appellant Avon Capital-WY filed a limited entry of appearance with the District Court solely for the purpose of challenging jurisdiction. Avon Capital-WY is not a judgment debtor in the New York Judgment.

"First Consolidated Appeal" shall refer to consolidated appeal nos. 21-6044, 21-6049, 21-6133, 21-6134 on which this Court entered its decision on August 4, 2023 and issued its mandate on September 28, 2023.  (*See* App. Vol. 16 at 3891 (Doc. 500)).

"New York Judgment" refers to the judgment in an action in the United States District Court for the Southern District of New York (the "New York Action") registered by Universitas in the United States District Court - Western District of Oklahoma.  (*See* App. Vol. 1 at 50-56 (Doc. 1-1)).

"Universitas" refers to Appellee/Petitioner Universitas Education, Inc., the judgment creditor under the New York Judgment.

"SDM Holdings" refers to Respondent/Garnishee SDM Holdings, LLC, a limited liability company registered under the laws of Oklahoma.

## JURISDICTIONAL STATEMENT

Appellant files the supplemental brief within the consolidated appeal pursuant to Fed. R. App. P. 4(a)(1)(A) and this Court's April 30, 2024 Order.

**A. In the First Consolidated Appeal, this Court Found That the District Court Lost Article III Jurisdiction and There Was No Longer a Case or Controversy when Universitas' New York Judgment Expired on December 3, 2020.**

On February 11, 2021, District Judge Joe Heaton entered an order which adopted the Magistrate Judge's Report and Recommendations which entered *alter ego* liability against Appellant Avon Capital-WY, among other findings, in the

absence of pleadings filed by Universitas ("February 11, 2021 Order").[1] (App. Vol. 8 at 1931 (Doc. 228)).  District Judge Joe Heaton also adopted the Magistrate Judge's recommendation to enjoin Appellant Avon Capital-WY from transferring, alienating, concealing, or encumbering its ownership or other interest in Garnishee/Appellant SDM Holdings. (*See id.*).

On September 27, 2022, oral argument was heard on the First Consolidated Appeal by this Court before a panel that consisted of Circuit Judges Eid, Baldock, and Carson.  (App. Vol. 16 at 4002 (Doc. 510) (Order and Judgment Dated August 4, 2023)).

On July 13, 2023, this Court entered its Order which found that Petitioner Universitas' New York Judgment expired on December 3, 2020 and the case was moot at the time the District Court entered its February 11, 2021 judgment. (*See* App. Vol. 16 at 3888 (Doc. 499 at 13)).  This Court vacated the District Court's February 11, 2021 Order for lack of jurisdiction due to mootness, and remanded the

---

[1] On October 10, 2020, Magistrate Judge Suzanne Mitchell issued her Report and Recommendations, wherein she found Appellant Avon Capital-WY an *alter ego* of other Avon Capital, LLC entities formed in Nevada and Connecticut, even though Petitioner/Appellee Universitas Education, LLC (hereinafter referred to as "Petitioner/Appellee Universitas" or "Universitas") never filed a petition/pleading on a claim for veil piercing and *alter ego* liability.  (App. Vol. 8 at 1732 (Doc. 218)). The Magistrate Judge also recommended that District Court Judge Heaton enjoin Appellant Avon Capital-WY from transferring, alienating, concealing, or encumbering its ownership or other interest in Garnishee/Appellant SDM Holdings. (*See id.*). Appellant Avon Capital-WY filed timely objections to the Magistrate Judge's Report and Recommendations.  (App. Vol. 8 at 1818 (Doc. 223)).

case.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *4, *10 (10th Cir. Aug. 4, 2023).

Appellant filed a Petition for Rehearing with this Court related to the July 13, 2023 order.[2]  (App. Vol. 16 at 3986-3987, Order on Petition for Rehearing (Doc. 509 at 3-4).

Before this Court entered its mandate on the First Consolidated Appeal, the Western District of Oklahoma on July 13, 2023 entered an order that readopted *instanter* the Magistrate Judge's Report and Recommendations and the District Judge's order entered on February 11, 2021 which entered final judgment and enjoined Appellant Avon Capital-WY from transferring, alienating, concealing, or encumbering its ownership or other interest in SDM Holdings.  (*See* App. Vol. 16 at 3891 (Doc. 500) (readopting final judgment and injunction entered on February 11, 2021 under Doc. 228)).

The District Court also set the case for hearing before this Court entered its mandate on the First Consolidated Appeal.  (App. Vol. 16 at 3891 (Doc. 500) (setting hearing for August 15, 2023); App. Vol. 17 at 4090 (Doc. 533) (Mandate issued on September 28, 2023)).  In order to comply but to avoid waiving jurisdictional

---

[2] SDM Holdings, LLC also filed a Petition for Rehearing with the Court. (*See* (App. Vol. 16 at 3986-3987, Order on Petition for Rehearing (Doc. 509 at 3-4).

arguments, Avon Capital-WY filed a limited entry of appearance. (App. Vol. 17 at 4034 (Doc. 514) (Avon Capital-WY's limited entry of appearance for the sole purpose of opposing jurisdiction, August 14, 2023)). Avon Capital-WY and SDM Holdings also filed motions to dismiss seeking termination of proceedings for lack of subject matter jurisdiction and personal jurisdiction. (App. Vol. 17 at 4023 (Doc. 513) (Interested Party's Motion to Dismiss); App. Vol. 17 at 4051 (Doc. 516) (Avon Capital-WY's Motion to Dismiss); App. Vol. 17 at 4051 (Doc. 517) (Avon Capital-WY's Memorandum in Support of Motion to Dismiss)).

On August 4, 2023, this Court entered an order on the petition for rehearing that withdrew and replaced this Court's July 13, 2023 order and judgment with a revised order and judgment. (*See* App. Vol. 16 at 4000 (Doc. 510)). This Court again held that the New York Judgment was unenforceable and the case was moot following the December 3, 2020 expiration date. This Court also held that the District Court lost jurisdiction on December 3, 2020 when the New York judgment expired. *Id.* at 10.

This Court's August 4, 2023 Order also, removed language from its revised order and judgment that stated Universitas' re-filing of the expired judgment in the Western District of Oklahoma on December 3, 2023[3] had made the judgment presently enforceable under *Taracorp* and reinvested the District Court with

---

[3] Universitas did not, in fact, re-file the judgment on December 3, 2023.

jurisdiction once again. (*Compare* App. Vol. 16 at 3883 (Doc. 499 at 13 (Order and Judgment as to Notice of Appeal Vacated and Remanded) *with* App. Vol. 16 at 3999, Order on Petition for Rehearing (Doc. 509 at 16) (removing language "However, Universitas's re-filing of the expired judgment in the Western District of Oklahoma on December 9, 2023 makes the judgment presently enforceable under *Taracorp*. . . But Universitas has since re-filed the judgment, vesting the Western District of Oklahoma with jurisdiction once again"). This Court again vacated the District Court's February 11, 2021 order for lack of jurisdiction due to mootness, and remanded the case. *Id.* at 4.

After this Court revised its order on the First Consolidated Appeal, Appellee Universitas filed a new case under a new case number with the District Court. (App. Vol. 19 at 4281 (Transcript of August 15, 2023 Proceedings, ¶¶ 9:16-20) (Counsel for Universitas stated that "we got a newly certified copy of the order from the Southern District of New York and filed a new case in this district. We actually filed it yesterday, but it was accepted for filing today. And so that will have a new case number.").

**B. The District Court Re-affirmed the Injunction Against Appellant Avon Capital-WY Both Before and After this Court Entered the Mandate on the First Consolidated Appeal.**

On August 7, 2023, the District Court entered an order that reaffirmed and reentered the July 13, 2023 order which granted an injunction in favor of Universitas

and enjoined Appellant Avon Capital-WY from transferring, alienating, concealing, or encumbering its ownership or other interest in SDM Holdings.  (App. Vol. 16 at 4022) (Doc. 512)).  Appellant Avon Capital-WY timely filed its notice of appeal of the August 7, 2023 order with the District Court on September 6, 2023.[4]  (App. Vol. 17 at 4088 (Doc. 523) (Avon Capital-WY's Notice of Appeal)).

On August 15, 2023, the District Court entered an order that readopted its order entered on February 11, 2021 (App. Vol. 11 at 2657 (Doc. 338) (adopting the Magistrate Judge's Report and Recommendations, App. Vol. 8 at 1931 (Doc. 228)) effective upon issuance of the mandate by this Court in consolidated appeals nos. 21-6044, 21-6049, 21-6133, and 21-6134.  (App. Vol. 17 at 4084 (Doc. 521) (Order of Pre-Trial Conference) ("The court concludes it reacquired subject matter jurisdiction" and readopting final judgment and injunction entered on February 11, 2021 under Doc. 228)).  The District Court's order entered on February 11, 2021 reaffirmed the Magistrate Judge's Report and Recommendation, and entered final judgment and enjoined Appellant Avon Capital, LLC, a Wyoming Limited Liability Company from transferring, alienating, concealing, or encumbering its ownership or other interest in SDM Holdings.  (App. Vol. 17 at 4084 (Doc. 521) (Order of Pre-

---

[4] SDM Holdings also timely filed its notice of appeal of the August 7, 2023 order with the District Court on September 6, 2023.  (App. Vol. 17 at 4086 (Doc. 522) (SDM Holdings' Notice of Appeal).

Trial Conference). The District Court also denied Avon Capital-WY and SDM Holdings' motions to dismiss. *Id.*

This Court issued its mandate on September 28, 2023 for the First Consolidated Appeal filed by Appellant. (App. Vol. 17 at 4090 (Do. 533) (Mandate issued on September 28, 2023)). Appellant timely filed their notice of appeal of the August 15, 2023 order with the District Court on September 6, 2023. (App. Vol. 17 at 4108 (Doc. 536); App. Vol. 17 at 4215 (Doc. 544)).

**C. The District Court Modified the Injunction at Issue in the Current Consolidated Appeal Before the Court Entered its Mandate.**

On February 13, 2024, Universitas filed an Emergency Motion to Modify Injunction seeking an order from the Court to modify the aforementioned injunction enjoining Avon Capital-WY under Docs. 512 and 521. (Supp. App. Vol. 3 at 286, Appellee Universitas' Emergency Motion to Modify Injunction (Doc. 586)).

Appellant Avon Capital-WY has appealed Docs. 512 and 521, which are currently on appeal before this court in Appeal Nos. 23-6126 and 23-6168, consolidated by this Court under Consolidated Appeal Nos. 23-6125, 23-6126, No. 23-6167, 23-6168.[5] Thus, this Court has not entered its mandate on consolidated appeal nos. 23-6125, 23-6126, No. 23-6167, 23-6168, and 24-6066.

---

[5] SDM Holdings filed appeal numbers 23-6125 and No. 23-6167.

Appellant Avon Capital-WY opposed Universitas' Emergency Motion based on the following reasons, among others: (1) this Court had not (and still has not) entered its mandate on Consolidated Appeal Nos. 23-6125, 23-6126, No. 23-6167, and 23-6168 and for this reason the District Court had not reacquired jurisdiction over the injunction involved in the consolidated appeal; (2) the District Court's lack of subject matter jurisdiction; and (3) the District Court's lack of personal jurisdiction.  (Supp. App. Vol. 2 at 445 (Doc. 602)).

Despite this Court's mandate not yet being issued in Consolidated Appeal Nos. 23-6125, 23-6126, No. 23-6167, and 23-6168, on March 29, 2024, the District Court granted Universitas' Emergency Motion and modified the injunction currently on appeal before this Court.  (Supp. App. Vol. 2 at 564 (Order granting Appellee's Emergency Motion to Modify Injunction entered March 29, 2024) (Doc. 618)).  Avon Capital-WY timely appealed the District Court's order.  (Supp. App. Vol. 3 at 629-631 (Notice of Appeal, amended under Doc. 626 on April 9, 2024)).

## STATEMENT OF ISSUES

### ISSUE ONE

Whether the District Court erred in modifying the injunction when the mandate had not been entered by this Court and the District Court lacked jurisdiction.

## ISSUE TWO

Whether the District Court failed to follow the law of the case and holding of this Court that the case was moot and there was no longer a live case or controversy.

## ISSUE THREE

Whether the District Court erred in modifying the injunction because it lacked subject matter jurisdiction once the case and claims became moot.

## ISSUE FOUR

Whether the District Court erred in modifying the injunction because it lacked personal jurisdiction once the case and claims became moot.

## ISSUE FIVE

Whether the District Court erred in modifying the injunction because Oklahoma law does not authorize refiling of a foreign judgment in an expired case that was held moot by this Court.

## STATEMENT OF THE CASE

On December 30, 2009, Jane and Thomas Moran assigned 100% of their membership interest in SDM Holdings to Avon Capital-WY. (App. Vol. 4 at 850 (Doc. 147-21, ¶ 4) (Assignment of Membership Interest dated December 30, 2009)). The named beneficiary under these policies was Appellant SDM Holdings. (App. Vol. 10 at 2424 (Doc. 295-1, ¶¶ 1-2, Declaration of Kathy Kehoe); App. Vol. 4 at 807 (Doc. 147-19, Affidavit of Thomas Moran, dated October 25, 2010)).

On August 15, 2014, the New York District Court entered judgment in favor of Petitioner/Appellee Universitas against Avon Capital-CT and other named entities ("New York Judgment"). (App. Vol. 1 at 51 (Doc. 1-1)). The New York District Court specifically noted that "Turnover Respondents" were all "entities formed in Delaware and Connecticut." (App. Vol. 2 at 411 (Doc. 85) ("The post[-]judgment turnover order issued by the District Court for the Southern District of New York referred only to Delaware and Connecticut entities, making it clear that Avon Capital-WY was not a party to that order.") (citing *Universitas Educ.,* 2014 U.S. Dist. LEXIS 109077 at *22.)).

On November 7, 2014, Appellee Universitas registered the New York Judgment with the United District Court for the Western District of Oklahoma. (App. Vol. 1 at 51 (Doc. 1-1)). Appellee Universitas identified "Avon Capital, LLC" as the "Judgment Debtor." *Id.* Appellee Universitas then caused a writ of garnishment to be issued identifying SDM Holdings as a garnishee.

On April 15, 2016, Appellant Avon Capital-WY intervened in the post-judgment proceedings before the District Court. (App. Vol. 1 at 73 (Doc. 56)).[6] Appellant Avon Capital-WY asserted that it owned 100% membership interest in SDM Holdings. (App. Vol. 2 at 437 (Doc. 92)).

---

[6] App. Vol. 2 at 439 (Doc. 92) ("Avon Wyoming has sought an injunction prohibiting Universitas from satisfying its judgment in this case with its assets. It claims to own all membership interests in SDM and further asserts that it is not the judgment debtor.")

On September 13, 2017, the District Court issued an order which declined to adopt the Magistrate Judge's recommendations and also denied Appellant Avon Capital-WY's motion for permanent injunction. (App. Vol. 2 at 437 (Doc. 92)). In the same order, District Judge Heaton recognized that Appellant Avon Capital-WY is not "the entity referenced in the registered judgment".[7] (*Id.*).

Over 18 months later, on April 25, 2019, Appellee Universitas requested limited post-judgment discovery. (App. Vol. 3 at 731 (Doc. 144)). On July 23, 2019, the District Court granted Appellee Universitas' requested discovery. (App. Vol. 4 at 983 (Doc. 158)). Appellee did not request additional discovery and none was ordered.

Following discovery, Appellant Avon Capital-WY moved for summary judgment on Universitas' unpled theory of veil piercing and *alter ego* liability alleged against Avon Capital-WY in post-judgment discovery. (App. Vol. 5 at 1285 (Doc. 194)). SDM Holdings also moved for summary judgment regarding the writ of garnishment. (App. Vol. 5 at 1257 (Doc. 192)). Appellee Universitas also moved for summary judgment on its unpled theory of veil piercing and *alter ego* liability. (App. Vol. 6 at 1287 (Doc. 195)).

---

[7] *Id.* at 437 ("[A] motion to intervene was filed by Avon Wyoming in which it asserted that it owns 100% membership interests in SDM, but that it is not the entity referenced in the registered judgment.").

<u>Orders Related to the Injunction Currently on Appeal</u>

In Appeal Nos. 23-6126 and 23-6168, Avon Capital-WY seeks review of issues which arise out of the following District Court Orders: (1) the order entered by the District Court on August 7, 2023 which enjoined Avon Capital-WY from transferring, alienating, concealing, or encumbering its ownership or other interest in SDM Holdings, (App. Vol. 16 at 4022) (Doc. 512)); and (2) the order entered by the District Court on August 15, 2023 that found the District Court regained jurisdiction, even though it was not until September 28, 2023 when this Court issued its mandate on the First Consolidated Appeal, and the District Court has not regained subject matter jurisdiction over the case and personal jurisdiction over Appellant. (App. Vol. 17 at 4082 (Doc. 520) (Minute Sheet of Proceedings Held, Civil Minute Sheet) ("The court re-acquires jurisdiction in this case."); App. Vol. 17 at 4084 (Doc. 521) (Order of Pre-Trial Conference) ("The court concludes it reacquired subject matter jurisdiction" and readopting final judgment and injunction entered on February 11, 2021 under Doc. 228); App. Vol. 17 at 4090 (Doc. 533) (Mandate)).

In this supplemental brief filed for Appeal No. 24-6066, Appellant seeks review of issues which arise out of the order entered by the District Court on March 29, 2024 (Supp. App. Vol. 2 at 564 (Order granting Appellee's Emergency Motion to Modify Injunction entered March 29, 2024) (Doc. 618)), which granted Appellee Universitas' Emergency Motion to Modify Injunction, and which modified orders

previously entered by the District Court enjoining Avon Capital-WY under Docs. 512 and 521. (App. Vol. 16 at 4022 (Doc. 512) (reaffirming order entered on July 13, 2023 readopting final judgment and injunction); App. Vol. 17 at 4084 (Doc. 521) (Order of Pre-Trial Conference) (readopting final judgment and injunction entered on February 11, 2021 under Doc. 228); Supp. App. Vol. 2 at 564 (Order granting Appellee's Emergency Motion to Modify Injunction entered March 29, 2024) (Doc. 618)).

Appellant Avon Capital-WY has also appealed Docs. 512 and 521, which are currently on appeal before this Court in Appeal Nos. 23-6125, 23-6126, 23-6167, 23-6168. (*See* Jurisdictional Statement).

## SUMMARY OF THE ARGUMENT

This Court correctly held on August 4, 2023 that the case became moot on December 3, 2020 when the registered judgment expired, at which time the District Court lacked Article III jurisdiction. (App. Vol. 16 at 4011 (Doc. 510) (Order and Judgment Dated August 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the District Court lacked Article III jurisdiction to enter its order, rendering the order void.")). This Court's findings and holdings in the August 4, 2023 order are the law of the case.

Thus, as this Court held, the District Court did not have jurisdiction to enter the February 11, 2021 order granting Universitas' motion for summary judgment, or any order subsequent to that order including but not limited to its September 28, 2021 order, which executed on its February 11, 2021 order and appointed a receiver over Appellant Avon Capital-WY and Avon Capital-WY's ownership interest in SDM Holdings.

As a result, the District Court also lost personal jurisdiction over Appellant, who is no longer a party to any case or controversy when the claims became moot on December 3, 2020.

After the District Court lost Article III jurisdiction and the case became moot, under Oklahoma law Universitas could not cure the loss of jurisdiction by refiling the judgment in the same case. *See Yorkshire,* 149 P.3d at 1093. The District Court's lack of jurisdiction renders all orders and actions that followed the expiration of the judgment moot, including, among others, the District Court's orders that entered final judgment and the injunction and appointment of the receiver, and the District Court cannot regain subject matter jurisdiction. (*See* App. Vol. 16 at 3945-3947 (Doc. 510) (Order and Judgment Dated August 4, 2023)).

With respect to the First Consolidated Appeal, this Court replaced its first order entered on July 13, 2023 with its August 4, 2023 order and removed language that stated the District Court had regained jurisdiction upon Universitas' refiling of

the New York Judgment.  (App. Vol. 16 at (Doc. 499); App. Vol. 16 at 4000 (Doc. 510) (Order and Judgment Dated August 4, 2023)).

This Court, in its August 4, 2023 order, did not analyze the substantive issues raised by Appellant in the First Consolidated Appeal.  (*See* App. Vol. 16 at 4000 (Doc. 510) (Order and Judgment Dated August 4, 2023)).  This Court would have addressed the substantive issues had the District Court regained jurisdiction and intended that the District Court address the substantive issues.  (*Id.*)

When the District Court granted Appellee Universitas' Emergency Motion to Modify Injunction in the order entered on March 29, 2024, it modified orders reentered by the District Court on July 13, 2023 and August 15, 2023 enjoining Avon Capital-WY, which were (and still are) currently on appeal before this Court in this consolidated appeal under Appeal Nos. 23-6125, 23-6126, 23-6167, and 23-6168. (App. Vol. 16 at 4022 (Doc. 512) (reaffirming order entered on July 13, 2023 readopting final judgment and injunction); App. Vol. 17 at 4084 (Doc. 521) (Order of Pre-Trial Conference) (readopting final judgment and injunction entered on February 11, 2021 under Doc. 228); Supp. App. Vol. 2 at 564 (Order granting Appellee's Emergency Motion to Modify Injunction entered March 29, 2024) (Doc. 618)).

Thus, the District Court erred as a matter of law by entering its March 29, 2024 order modifying the injunction reentered against Appellant Avon Capital-WY

under orders entered on July 13, 2023 and August 15, 2023 prior to this Court's issuance of its mandate. The District Court also erred as a matter of law in modifying the injunction because it lacked subject matter jurisdiction and personal jurisdiction once the case and claims became moot.

## ARGUMENT AND AUTHORITIES

I.  **ISSUE ONE: THE DISTRICT COURT ERRED IN MODIFYING THE INJUNCTION WHEN THE MANDATE HAD NOT BEEN ENTERED AND THE DISTRICT COURT LACKED JURISDICTION.**

### A. Standard of Review.

An appellate court generally reviews *de novo* the issue of subject-matter jurisdiction. *Khan v. Bank of N.Y. Mellon*, 525 F. App'x 778, 779 (10th Cir. 2013); *see also Blackburn v. United States*, No. 20-8005, 2021 U.S. App. LEXIS 21268, at *1 (10th Cir. July 19, 2021) ("Appellate courts review questions of subject-matter jurisdiction *de novo*.") (emphasis added). A court without jurisdiction lacks authority to act. *See, e.g., Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

### B. The District Court Erred by Modifying the Injunction Because It Lacked Jurisdiction Prior to Issuance of the Mandate.

An important corollary of the law of the case doctrine, "known as the 'mandate rule,' provides that a district court must comply strictly with the mandate rendered by the reviewing court." *Ute Indian Tribe v. State of Utah*, 114 F.3d 1513,

1515 (10th Cir. 1997) (Ute V); *see also Dish Network Corp. v. Arrowood Indem., Co.*, 772 F.3d 856, 859 (10th Cir. 2014) ("The mandate rule provides that a district court must comply strictly with the mandate rendered by the reviewing court.") (internal quotations omitted).

A district court does not reacquire jurisdiction over matters involved in an appeal until the Circuit has issued a mandate on those matters on appeal. *See United States v. Williams*, 790 F.3d 1059, 1086 (10th Cir. 2015) (Circuit transfers jurisdiction back to district court by issuing a mandate); *Hutchinson v. Beckworth*, 474 Fed. Appx. 736, 739 (10th Cir. 2012) (mandate divests Circuit of jurisdiction and returns jurisdiction to district court); *Burton v. Johnson,* 975 F.2d 690, 693 (10th Cir. 1992) (district court reacquires jurisdiction over matters involved in the appeal only upon return of mandate).

When the District Court granted Appellee Universitas' Emergency Motion to Modify Injunction in the order entered on March 29, 2024, it modified orders previously entered by the District Court on July 13, 2023 and August 15, 2023 enjoining Avon Capital-WY, which were (and still are) currently on appeal before this Court in this consolidated appeal under Appeal Nos. 23-6125, 23-6126, 23-6167, and 23-6168.  (App. Vol. 16 at 4022 (Doc. 512) (reaffirming order entered on July 13, 2023 readopting final judgment and injunction); App. Vol. 17 at 4084 (Doc. 521) (Order of Pre-Trial Conference) ("The court concludes it reacquired subject

matter jurisdiction" and readopting final judgment and injunction entered on February 11, 2021 under Doc. 228); App. Vol. 17 at 4090 (Doc. 533) (Mandate); Supp. App. Vol. 2 at 564 (Order granting Appellee's Emergency Motion to Modify Injunction entered March 29, 2024) (Doc. 618)). In other words, this Court has not transferred back (and will not transfer back) jurisdiction to the District Court on the on the July 13, 2023 and August 15, 2023 orders until this Court has issued its mandate on Appeal Nos. 23-6125, 23-6126, 23-6167, and 23-6168.

The District Court therefore erred as a matter of law by modifying the orders entered which enjoined Appellant Avon Capital-WY prior to this Court's issuance of its mandate.

Appellant requests the Court enter an order which vacates the District Court's March 29, 2024 order modifying the orders entered on July 13, 2023 and August 15, 2023 orders for lack of jurisdiction. (App. Vol. 16 at 4022 (Doc. 512) (reaffirming order entered on July 13, 2023 readopting final judgment and injunction); App. Vol. 17 at 4084 (Doc. 521) (Order of Pre-Trial Conference) ("The court concludes it reacquired subject matter jurisdiction" and readopting final judgment and injunction entered on February 11, 2021 under Doc. 228); App. Vol. 17 at 4090 (Doc. 533) (Mandate); Supp. App. Vol. 2 at 564 (Order granting Appellee's Emergency Motion to Modify Injunction entered March 29, 2024) (Doc. 618)).

## II. ISSUE TWO: WHETHER THE DISTRICT COURT FAILED TO FOLLOW THE LAW OF THE CASE AND HOLDING OF THIS COURT THAT THE CASE WAS MOOT AND THERE WAS NO LONGER A LIVE CASE OR CONTROVERSY.

### A. Standard of Review.

The appellate court reviews *de novo* whether the law of the case doctrine applies. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1089 (10th Cir. 2017).

### B. This Court's Order is Binding on the District Court Under Law of the Case.

"Under the 'law of the case' doctrine, when a court rules on an issue of law, the ruling 'should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983)) (quotation omitted). The law-of-the-case doctrine applies to issues actually decided. *Pepper v. United States*, 562 U.S. 476, 131 S. Ct. 1229, 1250-51, 179 L. Ed. 2d 196 (2011); *Dobbs v. Anthem*, 600 F.3d 1275, 1279 (10th Cir. 2010); *Haynes Trane Serv. Agency v. Am. Std., Inc.*, 573 F.3d 947, 956 (10th Cir. 2009).

"[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995) (internal citations omitted). This

principle applies to all "issues previously decided, either explicitly or by necessary implication." *Guidry v. Sheet Metal Workers Int'l Ass'n*, 10 F.3d 700, 703 (10th Cir. 1993) (citations omitted), cert. denied, 1995 U.S. LEXIS 2629 (U.S. Apr. 17, 1995).

"Courts use 'law of the case' to 'promote decisional finality' and rely on it to prevent relitigation of an issue already decided in prior proceedings of the same case." *United States v. Triangle Oil*, 277 F.3d 1251, 1259 (10th Cir. 2002); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) ("The doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. This rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues.") (quotation omitted); *see also Huffman v. Saul Holdings Ltd.*, 262 F.3d 1128, 1132 (10th Cir. 2001) ("The law of the case doctrine is intended to prevent 'continued re-argument of issues already decided[.]'").

Thus, "[a]n appellate court decision on a particular issue, unless vacated or set aside, governs the issue during all later stages of the litigation in the district court and thereafter on any further appeal." *Brokers' Choice of Am., Inc. v. NBC Universal*, Inc., 861 F.3d 1081, 1099 (10th Cir. 2017) (internal citations omitted).

This Court correctly held on August 4, 2023 that the District Court did not have jurisdiction to enter the February 11, 2021 Order granting Universitas' motion

for summary judgment which entered final judgment on Avon Capital-WY and enjoined Avon Capital-WY.  Key language in this Court's August 4, 2023 Order is as follows:

> We vacate the district court's February 11, 2021 order for lack of jurisdiction; *we find the underlying dispute was moot at the time of decision due to the expiration of Universitas's Western District of Oklahoma judgment.*

(App. Vol. 16 at 4003 (Doc. 510) (Order and Judgment Dated August 4, 2023) (emphasis added)).

> "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013) (cleaned up).  As the issue in this case *was no longer live* and Universitas *lacked a legally cognizable interes*t in the outcome once its *judgment expired in December 2020,* the case became *moot* and the district court *lacked Article III jurisdiction to enter its order, rendering the order void.*

(App. Vol. 16 at 4010-4011 (Doc. 510) (Order and Judgment Dated August 4, 2023) (footnote omitted) (emphasis added).  This Court's August 4, 2023 order is "binding precedent under the doctrine[] of law of the case . . ." (App. Vol. 16 at 3989 (Doc. 510) (Order and Judgment Dated August 4, 2023)).

As this Court held, the case became moot on December 3, 2020 when the registered judgment (New York Judgment) expired, at which time the District Court lacked Article III jurisdiction.  (App. Vol. 16 at 4010-4011 (Doc. 510)).  In other words, Appellant is no longer a party to any case or controversy and all claims

became moot on December 3, 2020.  (App. Vol. 16 at 4011 (Doc. 510) (Order and Judgment Dated August 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the District Court lacked Article III jurisdiction to enter its order, rendering the order void.")).  As of December 3, 2020, when the District Court lost jurisdiction, the case ceased to exist.

Accordingly, Appellant requests this Court enter an order which finds that the Court set forth in its August 4, 2023 order that the case became moot on December 3, 2020, at which time Appellant was no longer (and are no longer) party to any case or controversy and any claims became moot, and the Court's prior finding that the District Court lacked enter any order entered against Avon Capital-WY after December 3, 2020.  (App. Vol. 16 at 4010-4011 (Doc. 510) (Order and Judgment Dated August 4, 2023); App. Vol. 16 at 4022 (Doc. 512) (reaffirming order entered on July 13, 2023 readopting final judgment and injunction); App. Vol. 17 at 4084 (Doc. 521) (Order of Pre-Trial Conference) ("The court concludes it reacquired subject matter jurisdiction" and readopting final judgment and injunction entered on February 11, 2021 under Doc. 228).

### III. ISSUE THREE: THE DISTRICT COURT ERRED IN MODIFYING THE INJUNCTION BECAUSE IT LACKED SUBJECT MATTER JURISDICTION ONCE THE CASE AND CLAIMS BECAME MOOT.

#### A. Standard of Review.

An appellate court generally reviews *de novo* the issue of subject-matter jurisdiction. *Khan v. Bank of N.Y. Mellon*, 525 F. App'x 778, 779 (10th Cir. 2013); *see also Blackburn v. United States*, No. 20-8005, 2021 U.S. App. LEXIS 21268, at *1 (10th Cir. July 19, 2021) ("Appellate courts review questions of subject-matter jurisdiction *de novo*.") (emphasis added).

#### B. The District Court Erred by Modifying the Injunction Because It Lacked Subject Matter Jurisdiction Once the Case and Claims Became Moot.

When a Court lacks subject matter jurisdiction over an action, it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See, e.g., N.M. Health Connections v. United States HHS*, 946 F.3d 1138, 1145 (10th Cir. 2022) (When a district court lacks subject matter because the claims before it become moot, it is appropriate to dismiss the suit.).

"If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, (1990); *Smith v. Becerra*, 44 F.4th 1238, 1247 (10th Cir. 2022) (*quoting Lewis*

*v. Continental Bank Corp.*, 494 U.S. 472, 477-478, (1990)). If at any point during litigation, the action can no longer proceed because the claims have become moot, "[the moot claims] must be dismissed." (*See, e.g., Genesis*, 569 U.S. at 72 (citing *Lewis*, at 477-478)).

Recently, the United States Supreme Court favorably quoted the holding in *Genesis Healthcare. Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016); *see also Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016); *see also Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1129 n.19 [(10th Cir. 2010) ("When a case becomes moot prior to final adjudication, the district court was without jurisdiction to enter the judgment, and vacatur and dismissal [] of the judgment is automatic.").

As this Court held, the registered judgment (New York Judgment) expired on December 3, 2020, and the case became moot at that point. (App. Vol. 16 at 4011 (Doc. 510) (Order and Judgment Dated August 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void."); *see Supra,* Section II. B (detailing the Court's specific finding on orders entered by the District Court after the case became moot when the registered judgment expired on December 3, 2020 and there was no longer a case and controversy) (quoting App. Vol. 16 at 4070 (Doc. 510)).

Accordingly, the District Court did not have jurisdiction to enter the February 11, 2021 Order granting Universitas' motion for summary judgment, or any other order entered after December 3, 2020. (App. Vol. 16 at 4011 (Doc. 510) (Order and Judgment Dated August 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction."). A court without jurisdiction lacks authority to act. *See Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013).

With respect to the First Consolidated Appeal, this Court replaced its first order entered on July 13, 2023 with its August 4, 2023 order and removed language that stated the District Court had regained jurisdiction upon Universitas' refiling of the New York Judgment. (App. Vol. 16 at 3875 (Doc. 499) (Order and Judgment Dated July 13, 2023); App. Vol. 16 at 4000 (Doc. 510) (Order and Judgment Dated August 4, 2023)). The Court did not analyze the substantive issues raised by Avon Capital-WY and SDM Holdings in the First Consolidated Appeal. (*See* App. Vol. 16 at 4000 (Doc. 510) (Order and Judgment Dated August 4, 2023). And this Court would have addressed the substantive issues had the District Court regained jurisdiction and intended the District Court to address the substantive issues. (*Id.*)

Therefore, Appellant requests the Court enter an order which finds the District Court lost subject matter jurisdiction over the case upon expiration of the registered judgment (New York Judgment) on December 3, 2020; that the District Court has

not regained subject matter jurisdiction since then; that vacates all orders the District

Court that followed the loss of subject matter jurisdiction pursuant to 12(b)(2); and

dismisses this action for lack of personal jurisdiction; and dismisses this action for

lack of subject matter jurisdiction pursuant to Rule 12(b)(2).  (*See* App. Vol. 16 at

4010-4011 (Doc. 510) (Order and Judgment Dated August 4, 2023)).

## IV. ISSUE FOUR: THE DISTRICT COURT ERRED IN MODIFYING THE INJUNCTION BECAUSE IT LACKED PERSONAL JURISDICTION ONCE THE CASE AND CLAIMS BECAME MOOT.

### A. Standard of Review.

An appellate court reviews *de novo* a district court's decision to exercise

personal jurisdiction over a defendant.  *Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc.*,

618 F.3d 1153, 1156 (10th Cir. 2010).

### B. The District Court Erred by Modifying The Injunction Because It Lacked Personal Jurisdiction Once the Case and Claims Became Moot.

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move

to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

Petitioner bears the burden of establishing personal jurisdiction over the

respondents. *See OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th

Cir. 1998).

When the case became moot and the District Court lacked Article III

jurisdiction, and the case and controversy became moot, the District Court also lost

personal jurisdiction over Avon Capital-WY and SDM Holdings. (*See* Fed. R. Civ. P. 12(b)(2); *see Supra,* Sections II.B. and III.B). Avon Capital-WY has filed its limited entry of appearance only for the purpose of challenging jurisdiction. Avon Capital-WY has not voluntarily submitted to jurisdiction.

The District Court's lack of jurisdiction rendered moot all orders and actions that followed the expiration of the judgment (New York Judgment) on December 3, 2020 when the District Court lost Article III jurisdiction. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12-13 (10th Cir. Aug. 4, 2023). A court without jurisdiction lacks authority to act. *See, e.g., Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013). When the case and controversy became moot, the District Court lost personal jurisdiction over the Avon Capital-WY and SDM Holdings. *See id.*

Therefore, Appellant requests the Court enter an order which finds the District Court lost personal jurisdiction (and has not regained personal jurisdiction) over Appellant upon the expiration of the registered judgment on December 3, 2020, when the District Court lost Article III jurisdiction; that Avon Capital-WY is no longer before the District Court; vacates all orders the District Court that followed the loss of personal jurisdiction pursuant to 12(b)(1); and dismisses this action for

lack of personal jurisdiction. (*See* App. Vol. 16 at 4010-4011 (Doc. 510) (Order and Judgment Dated August 4, 2023)).

V. **ISSUE FIVE: THE DISTRICT COURT ERRED IN MODIFYING THE INJUNCTION BECAUSE OKLAHOMA LAW DOES NOT AUTHORIZE REFILING OF A FOREIGN JUDGMENT IN AN EXPIRED CASE THAT WAS HELD MOOT BY THIS COURT.**

**A. Standard of Review.**

An appellate court generally reviews questions of statutory interpretation *de novo*. *Navajo Nation v. Dalley*, 896 F.3d 1196, 1206 (10th Cir. 2018) ("Reviewing the district court's statutory interpretation *de novo*") (emphasis added). "A legal question involving statutory interpretation is subject to *de novo* review, i.e., a non-deferential, plenary and independent review of the trial court's ruling." *Duncan v. Oklahoma Dept. of Corr.*, 95 P.3d 1076, 1078 (Okla. Civ. App. 2005) (quoting *Fulsom v. Fulsom*, 81 P.3d 652, 654 (Okla. 2003); *Southlake Equip. Co. v. Henson Gravel & Sand, LLC*, 313 P.3d 289, 290 (Okla. Civ. App. 1995).

"The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *See* Fed. R. Civ. P. 69 (a)(1) (Comment two, "Rule 69(a) adopts state procedure on execution and supplementary proceedings only when judgment is for payment of money."); *Ramco Operating Co. v. Gassett*, 890 P.2d 941, 946 (Okla. 1995). The New York

Judgment at issue is a judgment for the payment of money.  (*See* App. Vol. 1 at 50 (Doc 1-1)).

### B. The District Court Erred by Readopting and Modifying the Injunction Because Oklahoma Law Does Not Authorize The Refiling of a Foreign Judgment in an Expired Case.

Oklahoma Statute §12-735(B) states that judgments registered in the state "shall become unenforceable and of no effect if more than five (5) years have passed from the date of" last execution, last notice of renewal of judgment was filed with the court clerk, last garnishment summons was issued, or sending of a certified copy of notice of income assignment.".

This Court correctly found that Universitas' "last relevant act was the issuance of a writ of garnishment to SDM on December 3, 2015." (App. Vol. 16 at 3995 (Doc. 509)).  Consistent with O.S. §12-735(B), this Court held the registered judgment (the New York Judgment) expired five years later, on December 3, 2020. *See Supra,* Section II.B (Issue Two) (detailing the Court's specific finding on orders entered by the District Court after the case became moot when the registered judgment (New York Judgment) expired on December 3, 2020 and there was no longer a case and controversy) (quoting App. Vol. 16 at 4000 (Doc. 510)).

Oklahoma law does not authorize the re-filing of a foreign judgment in an expired case.  In *Taracorp,* plaintiffs obtained a judgment from the District Court of Logan County, Colorado against defendants on June 4, 2007.  *Taracorp, Ltd. v.*

*Dailey*, 419 P.3d 217, 218 (Okla. 2018).  Plaintiffs acted to execute their judgment, and on June 7, 2007, they filed their Colorado judgment in the District Court of Pottawatomie County, Oklahoma as Case No. C-07-659.  *Id.*  After years of inaction, on May 23, 2016, plaintiffs re-filed the 2007 Colorado judgment in a new case in the District Court of Marshall County, Oklahoma.  *Id.* at 219.  Plaintiffs in *Taracorp* relied on the holding in *Yorkshire West Capital Inc. v. Rodman,* 149 P.3d 1088 (Okla. Civ. App. 2006), that "nothing prevented the re-filing of the judgment a second time in Oklahoma as long as the foreign judgment remained valid and enforceable in the original state."  *Taracorp,* 419 P.3d at 219.  Ultimately, the Oklahoma Supreme Court agreed.  *Id.* at 223.

In *Yorkshire West Capital, Inc. v. Rodman,* the Oklahoma Court of Appeals outlined the proper procedure to re-file a dormant Oklahoma judgment based on a foreign judgment. 149 P.3d 1088, 1093 (Okla. Civ. App. 2006).  There, the *Yorkshire* Court held:

> On *de novo* review, we find that the law in Oklahoma requires that a foreign judgment which is valid and enforceable in the issuing state may be filed as a new judgment in Oklahoma, even where the same foreign judgment has previously been filed and become dormant in Oklahoma.  The judgment's validity in the issuing state is paramount, and nothing in the Act expressly prohibits a second filing of a judgment.  In this case, the Texas Judgment Yorkshire filed in Oklahoma in 1996 became an Oklahoma judgment which became dormant after five years without execution.  But Yorkshire's Texas Judgment remained valid and enforceable in 2005 and Yorkshire **properly filed it a second time in Oklahoma under a new case number.**  That filing resulted in a

second Oklahoma judgment which remains enforceable pursuant to §
735.

*Yorkshire West Capital Inc. v. Rodman,* 149 P.3d 1088, 1093 (Okla. Civ. App. 2006)

(emphasis added).   *Yorkshire* held that a judgment is properly re-filed under

Oklahoma law when it is filed "a second time in Oklahoma **under a new case**

**number."** *Id.*

In summary, Oklahoma law does not recognize re-filing a judgment in a moot

case, and re-filing a judgment does not cure the District Court's lack of jurisdiction.

Oklahoma law requires that Universitas, as the "judgment creditor[,] must still

comply with the filing requirements and potential defenses found in 12 O.S. 2001 §

721." *Yorkshire*, 149 P.3d at 1092.

In the instant action, Universitas attempted to re-file the New York Judgment

on August 6, 2023, <u>in this expired case</u> *after* the District Court lost jurisdiction on

December 3, 2020.  (App. Vol. 11 at 2719 (Doc. 341); App. Vol. 11 at 4015 (Doc.

511) (Notice (other) by Universitas Education LLC of *Refiling Judgment*)).

Universitas' attempts to re-file the New York Judgment <u>in this expired case</u> *after* the

District Court lost jurisdiction on December 3, 2020 did not reinvest the District

Court with subject matter jurisdiction.  *Yorkshire*, 149 P.3d at 1092.

On August 4, 2023, this Court entered an order that withdrew and replaced

this Court's July 13, 2023 order and judgment with a revised order and judgment,

and correctly removed language that had previously provided that Universitas' re-

filing of the expired judgment in the Western District of Oklahoma on December 9, 2023 had made the judgment presently enforceable under *Taracorp.* (*Compare* App. Vol. 16 at 3888 (Doc. 499 at 13) (Order and Judgment Dated July 13, 2023) *with* App. Vol. 16 at 4000 (Doc. 510) (Order and Judgment Dated August 4, 2023) (removing language "However, Universitas's re-filing of the expired judgment in the Western District of Oklahoma on December 9, 2023 makes the judgment presently enforceable under *Taracorp.* . . But Universitas has since re-filed the judgment, vesting the Western District of Oklahoma with jurisdiction once again"). In others words, this Court correctly found that re-filing of an expired judgment did not reinvest the District Court with jurisdiction.

This Court also correctly recognized that Petitioner Universitas' failure to properly re-file the New York Judgment in accordance with Oklahoma law prior to its expiration was "fatal" as there was no longer a judgment in existence for the District Court to enforce at the time it entered the February 11, 2021 Order and all other orders that the District Court entered after the New York Judgment expired on December 3, 2020. (*See* App. Vol. 16 at 4010 (Doc. 510) (Order and Judgment Dated August 4, 2023) ("For the reasons explained above, that failure to re-file **was fatal**—there was no longer a judgment in existence for the district court to enforce at the time it entered the order") (emphasis added).

In other words, after the District Court lost Article III jurisdiction and the case became moot, under applicable law, Universitas could not cure the loss of jurisdiction by refiling the judgment <u>in the same case.</u> *See Yorkshire,* 149 P.3d at 1093. The District Court's lack of jurisdiction renders all orders and actions that followed the expiration of the judgment moot. (*See* App. Vol. 16 at 4011 (Doc. 510) (Order and Judgment Dated August 4, 2023)). And the District Court cannot regain jurisdiction.

Furthermore, the procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies. *See* Fed. R. Civ. P. 69 (a)(1). The filing of the New York Judgment by Universitas in this case in 2021 and again in 2023 after the District Court lost subject matter jurisdiction is not permitted under Oklahoma law. 12 O.S. § 735(B); *Yorkshire West Capital Inc. v. Rodman*, 149 P.3d 1088, 1093 (Okla. Civ. App. 2006) ("Yorkshire properly filed it a second time in Oklahoma under a new case number.").

The District Court erred as a matter of law by ruling that it somehow regained jurisdiction. Consistent with 12 O.S. § 735(B) and *Yorkshire,* to the extent that Universitas seeks to re-file the New York Judgment in Oklahoma, it must be re-filed in a new case and <u>under a new case number</u>. *Yorkshire*, 149 P.3d at 1093.

After this Court entered its order on the First Consolidated Appeal and found that the District Court lost Article III jurisdiction, subject matter jurisdiction over the case, and personal jurisdiction over the parties, Appellee Universitas filed a new case under a new case number with the District Court. (App. Vol. 19 at 4281 (Transcript of August 15, 2023 Proceedings, ¶¶ 9:16-20) ("[W]e got a [newly] certified copy of the order from the Southern District of New York and filed a new case in this district. We actually filed it yesterday, but it was accepted for filing today. And so that will have a new case number."). Appellee's actions before the District Court represent an acknowledgement that the expired judgment (the New York Judgment) must be filed under a new case number. *Yorkshire*, 149 P.3d at 1093.

Accordingly, Appellant requests this Court enter an order which enforces *Yorkshire* and finds the District Court cannot (and has not) regain subject matter jurisdiction over the case and personal jurisdiction over Appellant by Universitas' refiling of the New York Judgment in the same case and case number, and dismisses this action for lack of jurisdiction. (App. Vol. 16 at 4010-4011 (Doc. 510) (Order and Judgment Dated August 4, 2023).

## CONCLUSION AND RELIEF SOUGHT

Appellant Avon Capital-WY prays that the Court vacate for lack of jurisdiction the District Court's order entered by the District Court on March 29,

2024 modifying the injunction currently on appeal in this Consolidated Appeal because this Court has not issued its mandate on this Consolidated Appeal, vacate the same order and all orders entered by the District Court for lack of jurisdiction pursuant to 12(b)(1) and 12(b)(2); and remand with direction for the District Court to terminate proceedings based on its loss of subject matter jurisdiction and personal jurisdiction on December 3, 2020 when the New York Judgment expired; and finds that upon expiration of the New York Judgment the District Court could not regain subject matter jurisdiction and personal jurisdiction over Appellant without Appellee Universitas having filed the New York Judgment in a new action (and with a new case number) and upon service of process having been properly effected on Appellant.

/s/ Alan L. Rupe
Alan L. Rupe
Francis M. Schneider
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone: (316) 609-7900
Facsimile: (316) 462-5746
alan.rupe@lewisbrisbois.com
francis.schneider@lewisbrisbois.com

*Attorneys for Appellant Avon Capital, LLC, a Wyoming limited liability company*

## STATEMENT REGARDING ORAL ARGUMENT

Appellant's respectfully request oral argument on each of the issues identified in this supplemental brief and all other briefing filed for consolidated appeal nos. 23-6125, 23-6126, 23-6167, 23-6168, and 24-6066. This consolidated appeal implicates issues of subject matter jurisdiction and personal jurisdiction that Appellant's respectfully request a hearing to fully explore.

/s/ Alan L. Rupe
Alan L. Rupe
Francis M. Schneider
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone: (316) 609-7900
Facsimile: (316) 462-5746
alan.rupe@lewisbrisbois.com
francis.schneider@lewisbrisbois.com

*Attorneys for Appellant Avon Capital, LLC, a Wyoming limited liability company*

## CERTIFICATE OF COMPLIANCE WITH
## FEDERAL RULE OF APPELLATE PROCEDURE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1.    Appellant's supplemental brief complies with the type-volume limitation of Fed. R. App. P.  32(a)(7)(b) because the principal brief contains <u>8,777</u> words, excluding the parts of Federal Rule of Appellate Procedure 32(f) and Tenth Circuit Rule 32.

2.    Appellant's supplemental brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because the brief has been prepared in a proportionately spaced typeface using a 14-point Times New Roman font.

<u>/s/ Alan L. Rupe</u>
Alan L. Rupe

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2024, I electronically filed Appellant's Supplemental Brief with the Clerk of Court and will mail seven (7) hard copies to the Court.

/s/ Alan L. Rupe
Alan L. Rupe

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 14-FJ-0005-HE |
| | ) | |
| AVON CAPITAL, LLC, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner Universitas Education, LLC ("Universitas") has filed an Emergency Motion to Modify Injunction [Doc. #586], requesting expansion of the scope of the injunction previously directed to Avon Capital LLC – Wyoming ("Avon-Wyoming"). That injunction enjoined Avon-Wyoming from transferring, alienating, concealing, or encumbering its ownership or other interest in SDM Holdings, LLC ("SDM") or authorizing or permitting SDM to dispose of its assets absent further order of the court [Doc. Nos. 500 & 512]. The motion seeks to extend the same injunctive restrictions to Daniel Carpenter and other entities owned or controlled by him, including "Avon Capital" or "SDM Holdings" entities organized under the laws of other states, to prevent them from dissipating or interfering with the assets of SDM. Those assets are principally certain insurance policies held by SDM and serviced by Asset Servicing Group, LLC ("ASG"), plus related cash proceeds. Avon-Wyoming (in substance, the former control group prior to appointment of the receiver) and Phoenix Charitable Trust ("Phoenix") have responded in opposition to the motion.

On January 4, 2024, the court appointed Ryan Leonard as receiver of Avon-Wyoming and directed him to identify and take appropriate steps to preserve the assets of Avon-Wyoming, including its interest in SDM.   The receiver, acting in the capacity of owner of SDM, thereafter replaced the manager of SDM who, on behalf of SDM, began dealing with ASG as to the insurance portfolio and otherwise.   According to the later filings of ASG, it was then subjected to demands from Mr. Carpenter and Jonathan Boothroyd, purporting to act on behalf of a Connecticut entity named "SDM Holdings, LLC", that ASG turn over to it all funds related to the insurance portfolio [Doc. #584]. The immediate concerns of ASG were apparently addressed thereafter, either by the court's further clarification of its orders or other developments, and it withdrew its request to interplead the disputed funds into court.   However, interference with ASG and the insurance portfolio appears to have continued.

The receiver has filed a Notice Regarding Status of Portfolio of Policies Held Through SDM Holdings, LLC [Doc. #617].   In the notice, the receiver advises he learned that (1) an individual claiming to be affiliated with a Connecticut entity named SDM Holdings, LLC ("SDM-CT") was directing insurers to send proceeds of any maturities realized from the portfolio of insurance policies to Connecticut; (2) one or more individuals, including Jonathan Boothroyd, who is listed as president of SDM-CT on a tax return filing, were contacting some, or possibly all, of the insurers of the policies and attempting to change the contact information to Connecticut, and (3) that SDM-CT was trying to terminate ASG and was threatening civil action and/or possible criminal prosecution of individuals associated with ASG.   The receiver also indicates he has

received information from ASG that (1) it was receiving "minimal mail," which was unusual because, historically, all mail associated with the policies has been directed to ASG; (2) it was receiving change of address notices that the address for the policies had been changed to Avon-Connecticut; (3) a maturity in an amount over $250,000 is "in review," most likely due to conflicting information as to who the owner and beneficiary are, and it is unlikely ASG will receive these proceeds anytime soon; and (4) if any activity as to the policies occurs, ASG may be left unaware because it may not receive notice.  ASG has further advised the receiver that it is servicing the policies "somewhat blindly" and the policies could eventually be at risk.  The receiver indicates he sent a cease and desist communication to counsel for Phoenix, as Phoenix is allegedly a member of SDM-CT, as well as counsel for Avon Capital.  He indicates counsel for these entities have given no assurance that the referenced conduct would stop or that the receiver's demand to cease and desist would be conveyed to Mr. Boothroyd or others associated with SDM-CT.  As a result, the receiver has advised the court that he is unable to represent that the portfolio of policies is secure today or will be in the future.

Based upon the information set forth above,[1] as well as the extensive factual and procedural history of this case, the court concludes there is a sufficient basis to modify the injunction in this case to protect Avon-Wyoming's assets, pending the resolution of this litigation, from threats of dissipation and interference beyond those previously

---

[1] *It is noteworthy that the responses filed by Avon-Wyoming and Phoenix, both entities controlled directly or indirectly by Mr. Carpenter, make no effort to dispute the factual accuracy of the pending motion's assertions as to demands or threats directed to ASG by Mr. Carpenter or his entities/representatives.*

addressed by the court.  Further, in the circumstances existing here, the court concludes a hearing is unnecessary in reaching that conclusion.  There is no reason based on the present submissions to doubt that efforts have been made by Mr. Carpenter, Mr. Boothroyd or others to seize control of Avon-Wyoming's assets (i.e. SDM and the underlying assets which give it value).  And if they do dispute it — i.e. asserting they've made no effort to seize the insurance portfolio or its proceeds — then they suffer no harm from now being told to not do that which they claim they weren't doing anyway.

In any event, Universitas' Emergency Motion to Modify Injunction [Doc. #586] is **GRANTED.**  The injunction previously entered is **MODIFIED** to include the following additional proscriptions:

Daniel Carpenter and all persons or entities claiming by, through, or under him, or acting on his behalf, directly or indirectly, or otherwise subject to his control, including, without limitation, Jonathan Boothroyd, SDM-CT, and Avon Capital LLC – Connecticut, are hereby **ENJOINED** from transferring, alienating, concealing, or encumbering any interest in the insurance portfolio and related funds now held by SDM, or attempting to do so, and are **ENJOINED** from any act or attempt to interfere with ASG's administration of that portfolio consistent with instructions from the current manager of SDM as designated by the receiver.

The injunction previously entered, as here modified and expanded, will remain in place so long as the registered judgment remains unpaid or until further order of the court.

4

Alan L. Rupe, Esq., counsel for Avon-Wyoming, and Jeffrey Sandburg, counsel for Phoenix (both entities being ones controlled by Mr. Carpenter) are **ORDERED** to provide a copy of this order to Mr. Carpenter and Mr. Boothroyd, and to advise them of its existence and contents, within 48 hours from its entry.  They are further directed to file a certification that they have done so within seven days.

**IT IS SO ORDERED.**

Dated this 29th day of March, 2024.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE